IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BVP HOLDING, INC., <br><br> Plaintiff, <br><br> v. <br><br> STAMINA PRODUCTS, INC., <br><br> Defendant | Case No. 6:20-cv-03056 <br><br> Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff BVP Holding, Inc. ("BVP" or "Plaintiff"), for its Complaint for Patent Infringement against Defendant Stamina Products, Inc. ("Stamina" or "Defendant"), hereby alleges on personal knowledge as to itself and its own activities and on information and belief as to all other matters as follows:

## THE PARTIES

1. Plaintiff BVP is a Delaware corporation with its principal place of business located at 790 Salem Church Road, Newark, Delaware 19702. BVP was formed on January 24, 2000, and its President, Mr. Robert A. Piane, Jr., is the inventor of the patents-in-suit.

2. On information and belief, Defendant Stamina is a Missouri corporation with a regular and established place of business located at 2040 N. Alliance Avenue, Springfield, Missouri 65803.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code §§ 100, *et seq*.

1

4. Subject-matter jurisdiction over BVP's claims is conferred upon this Court by 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent jurisdiction).

5. This Court has personal jurisdiction over Stamina because Stamina is subject to general and specific jurisdiction in this District. Stamina has also established minimum contacts with this forum such that the exercise of jurisdiction over Stamina would not offend traditional notions of fair play and substantial justice. Stamina has been incorporated in Missouri at all relevant times. Stamina regularly conducts business in Missouri, including in this District, at least by marketing, supplying, distributing, selling, and/or offering to sell a variety of exercise equipment. As alleged herein, Stamina has committed acts of patent infringement giving rise to this action within this District.

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Stamina is incorporated in Missouri with its registered office located within this District. Venue is also proper because Stamina has a regular and established place of business within this District, and has committed acts of patent infringement giving rise to this action within this District.

## U.S. PATENT NO. 7,722,514

7. U.S. Patent No. 7,722,514 (the "'514 patent") entitled, "Multi-Directional Body Swing, Turn and Twist Trainer with Interchangeable and Adjustable Attachments," was duly and legally issued by the U.S. Patent and Trademark Office on May 25, 2010. BVP owns all right, title, and interest in and to the '514 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for any infringement thereof. A true and correct copy of the '514 patent is attached as Exhibit A.

8. The '514 patent describes an exercise apparatus for "multi-directional training." (*See* Ex. A at 1:17-20.) The exercise apparatus improves upon "swing training fitness devices"

that can only "simulate the walking patterns of a user" by "swing[ing] forward and backward in an arced path." (*See id.* at 1:36-51.) In one embodiment, "hanging elements" that attach a "main frame" to "foot platforms" are "adapted for moving in multiple directions, with two degrees of freedom in an X-Y plane, thereby allowing a user to train his/her body in multi-directional patterns for better strength, mobility, flexibility, cardio-conditioning, balance, muscle awareness and coordination." (*Id.* at 3:5-10.)

9. Claim 1 of the '514 patent recites the following:

An exercise apparatus for training the body of a user in multi-directional patterns, said exercise apparatus comprising:

a main frame including:

a) a holding bar providing two or more connecting points; and

b) at least one support bar, connected to the holding bar, for attaching said holding bar to a supporting fixture to maintain the holding bar in a substantially horizontal configuration;

two foot platforms adapted to be attached to and hang from said holding bar in substantially parallel side by side arrangement, each of said foot platforms being adapted for movement in a substantially horizontal X-Y plane with at least two degrees of freedom; and

at least one elongate hanging member, connecting each of said foot platforms to at least one of said connecting points on said holding bar, allowing said movement of said foot platforms in said X-Y plane with said at least two degrees of freedom.

(Ex. A at Claim 1.)

## U.S. PATENT NO. 7,914,428

10. U.S. Patent No. 7,914,428 (the "'428 patent") entitled, "Multi-Directional Body Swing, Turn and Twist Trainer with Interchangeable and Adjustable Attachments," was duly and legally issued by the U.S. Patent and Trademark Office on March 29, 2011. BVP owns all right, title, and interest in and to the '428 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for any infringement thereof. A true and correct copy of the '428 patent is attached as Exhibit B.

11. The '428 patent is in the same patent family as the '514 patent.

12. Claim 1 of the '428 patent recites the following:

An exercise apparatus for training the body of a user in multi-directional patterns, said exercise apparatus comprising:

a support including two or more connecting points;

two elongate foot platforms adapted to be attached to and hang from said connecting points in substantially parallel side by side arrangement, each of said foot platforms being adapted for movement in a substantially horizontal X-Y plane with at least two degrees of freedom; and

an at least one elongate hanging member, connecting each of said foot platforms to at least one of said connecting points support, allowing said movement of said foot platforms in said X-Y plane with said at least two degrees of freedom.

(Ex. B at Claim 1.)

## U.S. PATENT NO. 8,858,410

13. U.S. Patent No. 8,858,410 (the "'410 patent") entitled, "Multi-Directional Body Swing Trainer with Interchangeable and Adjustable Attachments," was duly and legally issued

by the U.S. Patent and Trademark Office on October 14, 2014. BVP owns all right, title, and interest in and to the '410 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for any infringement thereof. A true and correct copy of the '410 patent is attached as Exhibit C.

14. The '410 patent is in the same patent family as the '428 patent and the '514 patent.

15. Claim 45 of the '410 patent recites the following:

An exercise apparatus for training the body of a user in multi-directional patterns, said exercise apparatus comprising:

a support including two or more connecting points;

two elongate foot platforms adapted to be attached to and hang from said connection points in substantially parallel side by side arrangement, each of said foot platforms being adapted for movement in a substantially horizontal X-Y plane with at least two degrees of freedom;

at least one elongate hanging member, connecting each of said foot platforms to at least one of said connecting points on said support, allowing said movement of said foot platforms in said X-Y plane with said at least two degrees of freedom; and

at least one limiter to limit the swinging or rotational movement of an upper portion of each hanging member.

(Ex. C at Claim 45.)

16. Claim 74 of the '410 patent recites the following:

An exercise apparatus for training the body of a user in multi-directional patterns, said exercise apparatus comprises:

5

support including two or more connecting points;

two elongate foot platforms adapted to be attached to and hang from said connecting points in substantially parallel side by side arrangement, each of said foot platforms being adapted for movement in a substantially horizontal X-Y plane with at least two degrees of freedom; and

at least one elongate hanging member, connecting each of said foot platforms to at least one of said connecting points on said support, allowing said movement of said foot platforms in said X-Y plane with said at least two degrees of freedom.

(Ex. C at Claim 74.)

17. Claim 76 of the '410 patent recites the following:

In an improved exercise apparatus comprising foot platforms suspended from a support bar, the improvement for training the body of a user in multi-directional patterns, which comprises:

support including two or more connecting points;

two elongate foot platforms adapted to be attached to and hang from said connecting points in substantially parallel side by side arrangement, each of said foot platforms being adapted for movement in a substantially horizontal X-Y plane with at least two degrees of freedom; and

at least one elongate hanging member, connecting each of said foot platforms to at least one of said connecting points on said support, allowing said movement of said foot platforms in said X-Y plane with said at least two degrees of freedom.

(Ex. C at Claim 76.)

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,722,514

18.     BVP reasserts and incorporates by reference Paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19.     Stamina, pursuant to 35 U.S.C. § 271(a), has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 1 of the '514 patent by making, using, selling, offering to sell, and/or importing into the United States (i) the SlimStrider X (*see* Ex. D (SlimStrider X, Model No. 55-9163, Owner's Manual)) and materially similar exercise equipment under different brand names and/or product versions (former, current, or future), including the SlimStrider 360 (*see* Ex. E (SlimStrider 360, Model No. 55-9164, Owner's Manual) & Ex. F (SlimStrider 360, Model No. 55-9162, Owner's Manual)), Stamina 9161 (*see* Ex. G (Stamina 9161, Model No. 55-9161, Owner's Manual)), and Total Thigh Trainer (*see* Ex. H (Total Thigh Trainer, Model No. 55-9160, Owner's Manual)); and (ii) the MiniStrider X (*see* Ex. I (MiniStrider X, Model No. 55-9007, Owner's Manual)) and materially similar exercise equipment under different brand names and/or product versions (former, current, or future), including the MiniStrider 360 (*see* Ex. J (MiniStrider 360, Model No. 55-9006, Owner's Manual)) and Wirk Orbit (*see* Ex. K (Wirk Orbit, Model No. 85-1000, Owner's Manual)).  The SlimStrider X, MiniStrider X, and all materially similar Stamina exercise equipment (former, current, or future) such as those identified above are collectively referred to as the "Accused Products."

20.     BVP sent Stamina a letter on November 25, 2019 which advised Stamina of the '514, '428, and '410 patents, and enclosed (i) the exemplary claim chart attached hereto as Exhibit L that maps the '514 patent claim 1; the '428 patent claim1; and the '410 patent claims 74 and 76 to Stamina's SlimStrider X; and (ii) the exemplary claim chart attached hereto as

Exhibit M that maps the '514 patent claim 1; the '428 patent claim 1; and the '410 patent claims 74 and 76 to Stamina's MiniStrider X. The only differences between Exhibits L and M and the exemplary claim charts enclosed with BVP's November 25, 2019 letter are the Exhibit lettering and pagination.

21. FedEx confirmed that Stamina received BVP's November 25, 2019 letter on November 26, 2019.

22. Mr. Bob McBride, Vice President of Stamina, sent BVP's attorney, John Handy, a letter dated December 9, 2019 which confirmed receipt of BVP's November 25, 2019 letter.

23. The Accused Products have "a holding bar providing two or more connecting points" as recited in claim 1 of the '514 patent. *See* Ex. L at 1-2; Ex. M at 1-3.

24. The Accused Products have "at least one support bar, connected to the holding bar, for attaching said holding bar to a supporting fixture to maintain the holding bar in a substantially horizontal configuration" as recited in claim 1 of the '514 patent. *See* Ex. L at 3-4; Ex. M at 3-4.

25. The Accused Products have "two foot platforms adapted to be attached to and hang from said holding bar in substantially parallel side by side arrangement, each of said foot platforms being adapted for movement in a substantially horizontal X-Y plane with at least two degrees of freedom" as recited in claim 1 of the '514 patent. *See* Ex. L at 4; Ex. M at 4-5.

26. The Accused Products have "at least one elongate hanging member, connecting each of said foot platforms to at least one of said connecting points on said holding bar, allowing said movement of said foot platforms in said X-Y plane with said at least two degrees of freedom" as recited in claim 1 of the '514 patent. *See* Ex. L at 5; Ex. M at 5.

8

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,914,428

27. BVP reasserts and incorporates by reference Paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. Stamina, pursuant to 35 U.S.C. § 271(a), has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 1 of the '428 patent by making, using, selling, offering to sell, and/or importing into the United States the Accused Products.

29. The Accused Products have "a support including two or more connecting points" as recited in claim 1 of the '428 patent. *See* Ex. L at 6-7; Ex. M at 6-8.

30. The Accused Products have "two elongate foot platforms adapted to be attached to and hang from said connecting points in substantially parallel side by side arrangement, each of said foot platforms being adapted for movement in a substantially horizontal X-Y plane with at least two degrees of freedom" as recited in claim 1 of the '428 patent. *See* Ex. L at 7-8; Ex. M at 8.

31. The Accused Products have "an at least one elongate hanging member, connecting each of said foot platforms to at least one of said connecting points support, allowing said movement of said foot platforms in said X-Y plane with said at least two degrees of freedom" as recited in claim 1 of the '428 patent. *See* Ex. L at 8-9; Ex. M at 9.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 8,858,410

32. BVP reasserts and incorporates by reference Paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. Stamina, pursuant to 35 U.S.C. § 271(a), has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claims 45, 74, and 76

of the '410 patent by making, using, selling, offering to sell, and/or importing into the United States the Accused Products.

## Claim 45

34. The Accused Products have "a support including two or more connecting points" as recited in claim 45 of the '410 patent. *See supra* ¶ 29.

35. The Accused Products have "two elongate foot platforms adapted to be attached to and hang from said connection points in substantially parallel side by side arrangement, each of said foot platforms being adapted for movement in a substantially horizontal X-Y plane with at least two degrees of freedom" as recited in claim 45 of the '410 patent. *See supra* ¶ 30.

36. The Accused Products have "at least one elongate hanging member, connecting each of said foot platforms to at least one of said connecting points on said support, allowing said movement of said foot platforms in said X-Y plane with said at least two degrees of freedom" as recited in claim 45 of the '410 patent. *See supra* ¶ 31.

37. The Accused Products have "at least one limiter to limit the swinging or rotational movement of an upper portion of each hanging member" as recited in claim 45 of the '410 patent. For example:



(Ex. D at 9 (portions of pivoting joints 16 that "limit the swinging or rotational movement of an upper portion of each hanging member" highlighted in purple).)



(Ex. I at 13 (portions of pivoting joints 10 that "limit the swinging or rotational movement of an upper portion of each hanging member" highlighted in purple).)

## Claim 74

38. The Accused Products have a "support including two or more connecting points" as recited in claim 74 of the '410 patent. *See* Ex. L at 10-11; Ex. M at 10-12.

39. The Accused Products have "two elongate foot platforms adapted to be attached to and hang from said connecting points in substantially parallel side by side arrangement, each of said foot platforms being adapted for movement in a substantially horizontal X-Y plane with at least two degrees of freedom" as recited in claim 74 of the '410 patent. *See* Ex. L at 11-12; Ex. M at 12.

40. The Accused Products have "at least one elongate hanging member, connecting each of said foot platforms to at least one of said connecting points on said support, allowing said movement of said foot platforms in said X-Y plane with said at least two degrees of freedom" as recited in claim 74 of the '410 patent. *See* Ex. L at 12-13; Ex. M at 13.

*Claim 76*

41. The Accused Products have a "support including two or more connecting points" as recited in claim 76 of the '410 patent. *See* Ex. L at 13; Ex. M at 13.

42. The Accused Products have "two elongate foot platforms adapted to be attached to and hang from said connecting points in substantially parallel side by side arrangement, each of said foot platforms being adapted for movement in a substantially horizontal X-Y plane with at least two degrees of freedom" as recited in claim 76 of the '410 patent. *See* Ex. L at 13; Ex. M at 13-14.

43. The Accused Products have "at least one elongate hanging member, connecting each of said foot platforms to at least one of said connecting points on said support, allowing said movement of said foot platforms in said X-Y plane with said at least two degrees of freedom" as recited in claim 76 of the '410 patent. *See* Ex. L at 14; Ex. M at 14.

## DAMAGES

44. On information and belief, 35 U.S.C. § 287(a) has been complied with at all relevant times.

45. BVP has sustained damages as a direct and proximate result of Stamina's infringement of U.S. Patent Nos. 7,722,514; 7,914,428; and 8,858,410 (collectively, the "patents-in-suit").

46. Because of Stamina's past infringement of the patents-in-suit, BVP is entitled to the recovery of past damages in the form of, at a minimum, a reasonable royalty.

47. Because of Stamina's continued and future infringement of the patents-in-suit, BVP is entitled to royalties for infringement of the patents-in-suit on a going-forward basis.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff BVP respectfully requests that this Court enter judgment against Defendant Stamina as follows:

A. Adjudging that Stamina has infringed at least claim 1 of the '514 patent, claim 1 of the '428 patent, and claims 45, 74, and 76 of the '410 patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a);

B. An award of damages to be paid by Stamina adequate to compensate BVP for Stamina's past infringement and any continuing or future infringement of the patents-in-suit up until the date such judgment is entered, and in no event less than a reasonable royalty for Stamina's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law, costs, and disbursements pursuant to 35 U.S.C. § 284 and, if necessary to adequately compensate BVP for Stamina's infringement, an accounting of all infringing sales including without limitation those sales not presented at trial;

C. Ordering Stamina to continue to pay royalties to BVP for infringement of the patents-in-suit on a going-forward basis;

D. Awarding BVP treble damages based on any infringement found to be willful pursuant to 35 U.S.C. § 284;

E. Adjudging that this case be exceptional under 35 U.S.C. § 285 and awarding enhanced damages, including costs and attorneys' fees, to BVP; and

F. Granting BVP such further relief as this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, BVP hereby demands a trial by jury on all claims and issues so triable.

Dated: February 28, 2020　　　　　　　　　Respectfully submitted,

**BERKOWITZ OLIVER LLP**

By:    /s/ Stacey R. Gilman
     Stacey R. Gilman, MO Bar #55690
     2600 Grand Boulevard, Suite 1200
     Kansas City, Missouri 64108
     Telephone: (816) 561-7007
     Facsimile: (816) 561-1888
     sgilman@berkowitzoliver.com

and

John E. Handy
**IP ADVANCED LLC**
 (*pro hac vice application forthcoming*)
2 Burlington Woods Drive, Suite 100
Burlington, MA 01803
Telephone: (781) 365-8250
Facsimile: (781) 365-9499
jhandy@ipdavanced.com

*Attorneys for Plaintiff BVP Holding, Inc.*